Filed 5/13/25  P. v. Garcia CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN


| | |
|---|---|
| THE PEOPLE, | B337465 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA358805) |
| v. | |
| GIOVANNI GARCIA, | |
| Defendant and Appellant. | |


APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne, Susan S. Kim and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Giovanni Garcia appeals from the superior court's order denying his petition for resentencing under Penal Code section 1172.6 (former section 1170.95)[1] as to his attempted murder conviction. The superior court concluded Garcia failed to make a prima facie showing of eligibility. While this appeal was pending, the California Supreme Court issued its decision in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*), and we invited supplemental briefing from the parties. We affirm the superior court's order and remand with directions to provide Garcia an opportunity to file an amended petition.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Underlying Crime*

On July 4, 2009, around 8:30 p.m., Raymundo Pedraza was shot while he was working as a cashier at La Chiquita Market in Los Angeles. At the preliminary hearing, Pedraza testified Garcia and Victor Torres[2] entered the market and walked up to the cash register. Garcia asked for cigarettes, Pedraza put a pack of cigarettes on the counter, and Garcia gave him $6. As Pedraza handed Garcia some change from the cash register, Garcia shot Pedraza in the center of his chest. Garcia said, " 'Don't close the register,' " got on top of the counter, and reached for the cash. Pedraza then pulled his nine-millimeter gun out from his waist,

---

[1]    Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) Statutory references are to the Penal Code.

[2]    Torres was a codefendant and had a joint preliminary hearing with Garcia. Pedraza identified both Garcia and Torres in court.

shot Garcia two or three times, and chased both Garcia and Torres out of the market. Pedraza spent three days in the hospital.

Detective Luis Corona with the Los Angeles Police Department testified he went to the market on July 4 to investigate. He saw a cash register tray and a .38-caliber gun on the counter, near where the customer would typically stand. Behind the counter he found multiple casings, multiple live rounds, and a loaded nine-millimeter gun.

The next day, Corona interviewed Garcia at the hospital. Garcia waived his *Miranda*[3] rights and admitted to shooting Pedraza with a .38-caliber gun.

B.     *The Charges, Plea, and Sentencing*

The People charged Garcia with attempted willful, deliberate, and premeditated murder (§§ 664, 187, subd. (a)), second degree robbery (§ 211), and assault with a firearm (§ 245, subd. (a)(2)). The People further alleged several firearm allegations (§§ 12022, subd. (a)(1), 12022.53, subds. (b)-(d), 12022.7, subd. (a)).

On February 9, 2010, Garcia pleaded no contest to attempted murder[4] and admitted he personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivision (c). The trial court sentenced Garcia to 27 years in prison, consisting of the middle term of seven years for the

---

[3]     *Miranda v. Arizona* (1966) 384 U.S. 436.

[4]     The trial court granted the People's motion to strike the allegation that the attempted murder was willful, deliberate, and premeditated.

attempted murder, plus 20 years for the firearm enhancement. The court dismissed the remaining counts and allegations on the People's motion.

C.  *The Superior Court Denies Garcia's Petition for Resentencing*

On July 24, 2023, Garcia filed, pro se, a petition for resentencing under section 1172.6 as to his attempted murder conviction. He used a pre-printed form petition wherein he checked boxes next to statements that correspond to statutory requirements for relief, including statements that he was convicted under an invalid theory and could not presently be convicted because of the changes to homicide law. The superior court appointed counsel, and the parties filed briefs. The People argued Garcia was ineligible for relief because he was the actual perpetrator, as evidenced by the preliminary hearing transcript. Garcia argued the People's reliance on the preliminary hearing transcript was improper and his record of conviction did not bar his eligibility as a matter of law.

The superior court denied Garcia's petition without issuing an order to show cause. Based on "the charging documents," "the plea transcript," "the totality of . . . circumstances," and "common sense," the court concluded Garcia "was the individual who discharged the firearm striking the victim in the chest. . . . Therefore, [Garcia] is not an individual to whom the legislation sought to provide relief."

Garcia timely appealed.

## DISCUSSION

A.  *Relevant Legal Principles*

Effective 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder.[5] (*Patton*, *supra*, 17 Cal.5th at p. 558; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843.)  Section 188, subdivision (a)(3), now prohibits imputing malice based solely on one's participation in a crime and requires proof of malice to convict a principal of murder.[6]  To provide relief to those with existing murder convictions based on now-invalid theories, the Legislature created a path to resentencing.  "It has since expanded this path to allow relief for those with 'attempted murder' convictions based on 'the natural and probable consequences doctrine.'  (§ 1172.6, subd. (a); Stats. 2021, ch. 551, § 2 (Sen. Bill No. 775).)" (*Patton*, at p. 558.)  Under the current resentencing statute, codified in section 1172.6, "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine" may petition the superior court to vacate the conviction and be resentenced on any remaining counts if the petitioner could not now be convicted of attempted murder because of the changes to the homicide laws.  (§ 1172.6, subd. (a).)

If a section 1172.6 petition contains all the required information, the sentencing court must appoint counsel to

---

[5]  It also narrowed the felony-murder rule by adding section 189, subdivision (e), but the felony-murder rule is not at issue in this appeal.

[6]  The one exception to this rule is stated in section 189, subdivision (e).  (§ 188, subd. (a)(3).)

5

represent the petitioner if requested.  (§ 1172.6, subd. (b)(1)(A), (3); see also *People v. Lewis* (2021) 11 Cal.5th 952, 962-963 (*Lewis*).)  The prosecutor must then file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie showing that the petitioner is entitled to relief.  (§ 1172.6, subd. (c).)  If the petitioner makes that showing, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the attempted murder or murder convictions and resentence the petitioner on any remaining counts.  (*Id.*, subds. (c), (d)(1).)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' "  (*Lewis*, *supra*, 11 Cal.5th at p. 971; accord, *Patton*, *supra*, 17 Cal.5th at p. 563.)

"[T]he court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law*."  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; see *Lewis*, *supra*, 11 Cal.5th at p. 971.)  The court may consider the record of conviction, which will "necessarily inform the . . . court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless."  (*Lewis*, at p. 971; accord, *Patton*, *supra*, 17 Cal.5th at p. 563.)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the

exercise of discretion.' " (*Lewis*, at p. 972; accord, *Patton*, at p. 563.)

"[P]etitioners confronting a record of conviction that demonstrates relief is unavailable have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail." (*Patton*, *supra*, 17 Cal.5th at p. 567.) "[A] section 1172.6 petitioner who, despite having access to counsel upon submission of a facially sufficient petition, offers only conclusory allegations of entitlement to relief, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing. Where facts from the record of conviction are undisputed, accepting them over contrary legal allegations that are merely conclusory is not ' "factfinding involving the weighing of evidence or the exercise of discretion." ' " (*Id*. at pp. 565-566, fn. omitted.) Under these circumstances, a superior court may deny a section 1172.6 petition at the prima facie stage. (See *Patton*, at p. 569.)

Our Supreme Court recently clarified that "the record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea." (*Patton, supra*, 17 Cal.5th at p. 568.) A superior court may, at the prima facie stage, "rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations" asserting legal conclusions to determine whether a petitioner is eligible for relief under section 1172.6. (*Patton*, at p. 564.) The Supreme Court concluded the petitioner in *Patton* failed to make a prima facie showing because his petition contained only such a checkbox declaration, and he "offer[ed] no factual counterweight" to the People's contention

that the preliminary hearing transcript showed he was the sole perpetrator of the attempted murder.  (*Ibid.*)  The court affirmed the denial of his petition but "out of an abundance of caution" ordered the Court of Appeal to remand the matter to the superior court with directions for the superior court to consider an amended petition should the petitioner seek to file one within 30 days.  (*Id.* at p. 569.)

"We review de novo whether the trial court conducted a proper inquiry under section 1172.6, subdivision (c)."  (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; see *People v. Lopez* (2022) 78 Cal.App.5th 1, 14 [denial at the prima facie stage "is appropriate only if the record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law," which "is a purely legal conclusion . . . we review de novo"].)

B.    *The Superior Court Properly Denied Garcia's Petition for Resentencing*

In his opening brief, Garcia argued the superior court erred in denying his petition because "nothing in his record of conviction establishes as a matter of law that he was the actual perpetrator."  Garcia also argued that to the extent the superior court relied on the preliminary hearing transcript, such reliance was improper, and he "ha[d] no obligation to present *any* evidence" to support alternate theories of guilt.  The People asserted the denial of the petition was proper because the preliminary hearing transcript conclusively establishes that Garcia was the actual perpetrator.  Both parties noted there was a split of authority regarding the use of a preliminary hearing transcript at the section 1172.6 prima facie stage.  However,

8

while the appeal was pending, the Supreme Court settled this split in *Patton, supra,* 17 Cal.5th at page 564.

We agree with the People that the record of conviction, including the preliminary hearing testimony, demonstrates Garcia was the sole gunman who shot Pedraza in the chest. Garcia's conclusory checkbox allegations alone do not create a factual dispute about whether he played a different role in the attempted murder. (See *Patton, supra*, 17 Cal.5th at pp. 606-607.) Accordingly, the superior court properly denied Garcia's petition.

Garcia asks us to remand with directions that the superior court consider an amended petition should he seek to file one within 30 days, the disposition ordered by the Supreme Court in *Patton*, *supra*, 17 Cal.5th at page 569. The People conceded at oral argument that this disposition is appropriate. We follow the Supreme Court's directive and "out of an abundance of caution" remand the matter to the superior court with directions to consider an amended petition should Garcia seek to file one within 30 days of the remand. (*Ibid*; see *People v. Glass* (Apr. 22, 2025, D084008) __ Cal.App.5th __ [2025 WL 1165276] [granting section 1172.6 petitioner's request to remand for opportunity to amend petition, because petitioner did not have the benefit of *Patton*'s guidance during prima facie stage].)

/ / /

/ / /

9

## DISPOSITION

This matter is remanded to the superior court to consider an amended petition should Garcia file one within 30 days of remand. We otherwise affirm the order denying Garcia's petition for resentencing.

STONE, J.

We concur:

MARTINEZ, P. J.

PULOS, J.*

---

\* Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.